UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARENCE WILLIAM SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID KELSEY, et al.,<br><br>    Defendants. | No. 20-cv-0967 (NLH) (KMW)<br><br><br>OPINION |

APPEARANCE:

Clarence William Simmons
274886
Atlantic County Jail
5060 Atlantic Ave.
Mays Landing, NJ 08330

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Clarence William Simmons, a pretrial detainee confined at the Atlantic County Jail, seeks to bring a complaint pursuant to 42 U.S.C. § 1983 against Warden David Kelsey, Aramark Company, and the Atlantic County Freeholders. See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

1

complaint without prejudice.  Plaintiff will be granted leave to amend the complaint.

I.  BACKGROUND

Plaintiff alleges Warden Kelsey uses the company Aramark to provide the lowest quality food, lacking nutrition and high is sodium and carbohydrates, to feed the inmates.  ECF No. 1 at 4.  Plaintiff alleges that he is on a special diet due to high blood pressure, and the food he is served consists of "food paste, white flour & nutritionally lacking starches like potatoes & rice, replaced healthy proteins with processed meat in low quantities."  Id.  He also alleges that Warden Kelsey "stack[s] the canteen with High sodium chips and sweet cookies & candy, with high store prices."  Id.

Plaintiff seeks injunctive relief.  Id. at 9.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). Allegations that prisons are not providing adequate nutrition falls within the broader category of conditions of confinement claims. "The constitutionally adequate diet 'must provide adequate nutrition, but corrections officials may not be held liable [as to claims of inadequate food] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective

3

component (that the officials acted with a sufficiently culpable state of mind).'" Alpheaus v. Camden Cty. Corr. Facility, No. 17-0180, 2017 WL 2363001, at *10 (D.N.J. May 31, 2017) (quoting Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013)) (alteration in original).

"Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" Duran, 923 F. Supp. 2d at 720 (quoting Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)) (alterations in original).  "Furthermore, prison officials may not be held liable for violating an inmate's right to adequate nutrition unless the inmate shows that the officials acted with a sufficiently culpable state of mind." Estrella v. Kelsey, No. 20-181, 2020 WL 4364342, at *3 (D.N.J. July 30, 2020).  "The subjective element of a Fourteenth Amendment conditions of confinement claim may be inferred when the condition 'is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" Id. (quoting Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007)).

As was found in another similar matter, "Plaintiff has not alleged the duration of time that he has been subjected to nutritionally lacking food nor does he allege that his special diet is medically prescribed." Id.  "Without more information,

4

Plaintiff has not alleged sufficient facts for the Court to conclude that the poor quality of the food he was served is excessive in light of the legitimate governmental purpose of providing food for pretrial detainees in county jails." Id. The Court also cannot infer that Warden Kelsey acted with the requisite state of mind without additional facts from Plaintiff.

Plaintiff's claims for relief against Aramark and the Atlantic County Freeholders are also deficient. It is not enough for Plaintiff to simply allege that the municipality employs "wrongdoers." "A municipality or other local government may be liable under [§ 1983] if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). "'[A] plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of policy or [an] acquiescence in a well-settled custom.'" Estate of Massey v. City of Philadelphia, 118 F. Supp. 3d 679, 696 (E.D. Pa. 2015) (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (second alteration in original)). There are no facts in the complaint to suggest the Freeholders are responsible for implementing a policy causing a constitutional harm or knew of a well-settled custom and did nothing to correct the situation.

5

In order for Aramark, a government contractor, to be liable, Plaintiff must allege facts supporting an inference that it had a custom or policy that caused the constitution violation. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583 (2003). Aramark "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability." Id. "[I]nmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well being." Duran v. Merline, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) (quoting Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983)). Plaintiff's allegations that Aramark "waters down" the food and has on occasion served stale bread does not reach this objective component of a Fourteenth Amendment claim.

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant leave to amend as Plaintiff may be able to allege facts that will state a claim for relief.

In the event Plaintiff chooses to file an amended complaint, he should bear in mind that "an amended pleading . . . supersedes the earlier pleading and renders the original pleading a nullity." Palakovic v. Wetzel, 854 F.3d 209, 220 (3d

6

Cir. 2017) (citing W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)).  "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading."  Wright & Miller § 1476.  The safer course is to file an amended complaint that is complete in and of itself.

IV.   CONCLUSION

For the reasons stated above, the complaint will be dismissed without prejudice for failure to state a claim. Plaintiff will be granted 30 days to move for leave to amend his complaint.

An appropriate order follows.


Dated: _September 28, 2020_            ___s/ Noel L. Hillman___
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

7